DOCKET NO. 635

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 23 1985

IN RE AIR CRASH DISASTER ON DECEMBER 16, 1982 NEAR MONTGOMERY, OHIO

PATRICIA D. HOWARD
CLERK OF THE PANEL

TRANSFER ORDER*

This litigation consists of ten action pending in two federal districts: seven actions in the Southern District of Ohio and three actions in the Northern District of Illinois.[1/]   Before the Panel is a motion by the United States, a defendant in all actions, to transfer, pursuant to 28 U.S.C. §1407, the Illinois actions to the Southern District of Ohio for coordinated or consolidated pretrial proceedings with the actions pending there.  Lumanair, Inc. (Lumanair), also a defendant in all actions, concurs in the motion.  Cessna Aircraft Company, Inc. (Cessna), a defendant in the three Illinois actions, as well as plaintiffs in two Illinois and six Ohio actions oppose Section 1407 transfer.  In the alternative, if the Panel deems transfer appropriate, Cessna favors the Northern District of Illinois as transferee forum, while plaintiffs in one Ohio action favor centralization in the Southern District of Ohio.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions arise from the December 16, 1982 crash of a Cessna 411 aircraft into the ground in Montgomery, Ohio, and share factual questions concerning the cause or causes of the crash.  The aircraft, which was owned by Lumanair, was leased to the Federal Bureau of Investigation and was enroute from Meigs Field in Chicago, Illinois, to Lunken Airport in Cincinnati, Ohio.  The six persons aboard the aircraft were killed and individuals on the ground sustained personal injuries and property damage.  Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Sam C. Pointer, Jr. took no part in the decision of this matter.

1/ The Panel has been informed that two potentially related actions have been removed from Illinois state court to the federal court in the Northern District of Illinois.  These two Illinois actions and any additional related actions will be treated as potential tag-along actions.  Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

-2-

We are persuaded that the Southern District of Ohio is the preferable transferee forum. We note that 1) the crash occurred within the Southern District of Ohio; 2) the aircraft wreckage is stored there; and 3) several witnesses, including eyewitnesses, FAA personnel, and state and local police who responded to the crash, are located within the Southern District of Ohio or nearby.

IT IS THEREFORE ORDERED that, pursuant 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Northern District of Illinois be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable S. Arthur Spiegel for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

                                        FOR THE PANEL:

                                        _Andrew A. Caffrey_
                                           Chairman

<u>Schedule A</u>

<u>MDL-635 --In re Air Crash Disaster on December 16, 1982 Near
Montgomery, Ohio</u>

<u>Northern District of Illinois</u>

<u>Mark Anderson, etc. v. Cessna Aircraft Co., et al.</u>, C.A. No.
84-C-9397
<u>Jane P: Lynch, et al. v. Cessna Aircraft Co., et al.</u>, C.A. No.
84-C-9396
<u>American National Bank and Trust Co. of Chicago, etc. v. Cessna
Aircraft Co., et al.</u>, C.A. No. 84-C-10133

<u>Southern District of Ohio</u>

<u>Lois K. Jolson, et al. v. United States of America, et al.</u>, C.A.
No. C-1-84-1912
<u>Phyllis Neyer, et al. v. United States of America, et al.</u>, C.A.
No. C-1-84-1157
<u>Gloria Albrecht, et al. v. United States of America, et al.</u>, C.A.
No. C-1-84-1771
<u>Olga Sheppard, et al. v. United States of America, et al.</u>, C.A.
No. C-1-84-1428
<u>Helen B. Schwartz, et al. v. United States of America, et al.</u>,
C.A. No. C-1-84-1429
<u>Cincinnati Insurance Co. v. United States of America, et al.</u>,
C.A. No. C-1-84-1860
<u>Phyllis Neyer, et al. v. United States of America, et al.</u>, C.A.
No. C-1-84-1157